IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANATOMIC AND CLINICAL LABORATORY ASSOCIATES, P.C. et al., | ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:22-cv-00767 |
| v. | ) ) ) | JUDGE RICHARDSON |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY et al., | ) ) ) | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' renewed unopposed motion for leave to seal portions of certain documents. (Doc. No. 70, "Motion"). Defendants request leave to keep from public disclosure certain portions of Exhibit 2 (Master Services Agreement, originally filed in unredacted form at Doc. No. 43-1) and Exhibit 3 (Statement of Work No. 1, originally filed in unredacted form at Doc. No. 43-2) to Defendants' memorandum in support of their motion to transfer or dismiss (Doc. No. 41). Defendants have filed with their Motion a version of Exhibit 2 and 3, respectively, with proposed redactions (Doc. Nos. 70-1, 70-2) and have re-filed the exhibits without any redactions under seal (Doc. Nos. 71, 71-1).

Defendants previously also filed motions (Doc. Nos. 42, 54) seeking leave to file under seal portions of their memorandum in support of their motion to transfer or dismiss and portions of their reply in support of that motion. Plaintiff Anatomic and Clinical Laboratory Associates, P.C. ("Plaintiff") also filed a proposed order (Doc. No. 49) granting leave to file portions of its response in opposition to Defendants' motion to transfer or dismiss. On May 4, 2023, the Court

entered an Order (Doc. No. 69) terminating the motions at Doc. Nos. 42, 49, and 54 for failing to meet required standards for motions for leave to seal documents.

As noted above, Defendants have now filed a renewed motion, which reflects that neither Defendants nor Plaintiff request leave to file under seal portions of their respective memoranda. Therefore, in resolution of the instant Motion, the Court needs to assess only whether the pertinent portions of Exhibit 2 and Exhibit 3 may remain undisclosed to the public—*i.e.*, whether the unredacted versions of these exhibits can remain under seal while the proposed redacted versions are filed publicly (*i.e.*, not under seal).

There is a strong presumption for court records to be open to the public, and thus, there is a heavy burden to show why any records should be sealed. *See, e.g., Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). "To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)).

The Sixth Circuit has noted that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). However, "[t]he public has a strong interest in obtaining the information contained in the court record [and] . . . in ascertaining what evidence and records the District Court [ ] relied upon in reaching [its] decisions." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

The Sixth Circuit has also recognized that trade secrets will generally satisfy a party's burden of showing a compelling reason for sealing documents. *See Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Nonetheless, "even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret." *See id.*

Defendants contend that the proposed redactions to Exhibit 2 and Exhibit 3 protect non-public and commercially sensitive information, including information that "goes to the core of [Defendants'] business strategies and operations." (Doc. No. 70 at 2). Specifically, Defendants explain that Exhibit 3 contains pricing, rate, and fee information that could be used to harm Defendants' business if made public (presumably due to the risk that the information could be used by a competitor). (*Id.* at 5). Defendants also argue that Exhibit 2 contains substantive terms governing Defendants' contractual relationship the MultiPlan, which would also give competitors insight into Defendants' business operations. (*Id.*). Defendants therefore maintain that the information that they seek to keep under seal amounts to trade secrets. (*Id.*).

Upon review of the contents of Exhibits 2 and 3 that Defendants seek to keep under seal, and in light of the justifications put forth by Defendants, the Court finds that the interests of Defendants in keeping the information under seal outweighs the public's legitimate interest in accessing the information.

Therefore, Defendants' Motion at Doc. No. 70 is GRANTED. To protect the information in Exhibit 2 and Exhibit 3 that Defendants seek to protect, both unredacted versions of each of these exhibits (Doc. Nos. 43-1, 43-2, 71, and 71-1) SHALL remain under seal.

Additionally, as Defendants and Plaintiff no longer request to maintain under seal Doc. No. 43 (Defendants' memorandum of law in support of its motion to transfer or dismiss), the Clerk is

DIRECTED to unseal that document but not the attachments thereto (Doc. Nos. 43-1, 43-2)). For the same reason, the Clerk is further DIRECTED to unseal Doc. No. 50 (Plaintiff's response in opposition to the motion to transfer or dismiss) and Doc. No. 55 (Defendants' reply in support of their motion to transfer or dismiss).

   IT IS SO ORDERED.

             *Eli Richardson*
             ELI RICHARDSON
             UNITED STATES DISTRICT JUDGE